1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    VALENTA DUNCAN,                              No.  2:25-cv-0908-TLN-CKD (PS)

12                    Plaintiff,

13           v.                                    FINDINGS AND RECOMMENDATIONS

14    COUNTY OF SACRAMENTO,

15                    Defendant.

16

17           Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants Alameda

18    County Sheriff's Department and County of Sacramento[1] moved to dismiss plaintiff's second

19    amended complaint ("SAC"). Because plaintiff proceeds pro se, this matter is before the

20    undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). As set forth below,

21    plaintiff has not opposed the motion to dismiss by Alameda County Sheriff's Department after

22    being specifically cautioned that failure to do so would be deemed as consent to grant the motion

23    to dismiss. Thus, the undersigned recommends plaintiff's claims against Alameda County

24    Sheriff's Department be dismissed pursuant to Federal Rule of Civil Procedure 41(b). As to

25    County of Sacramento's motion, the undersigned recommends the motion to dismiss be denied.

26    _____

27    [1] County of Sacramento is also sued as Post Release Community Supervision Department, Adult
      Community Corrections (ACC) Division, Adult Day Reporting Center (ADRC), Sacramento
28    Adult Probation Division, and Probation Department Adult Day Reporting Center.

                                                    1

1

### I.   Background

2

Proceeding without counsel, plaintiff Valenta Duncan filed this action in the Sacramento

3

County Superior Court on September 5, 2023, naming County of Sacramento and Doe

4

defendants. (ECF No. 2 at 4-7.) Plaintiff filed the operative SAC on February 11, 2025. (Id. at 30-

5

44.)[2] Under the SAC's allegations, plaintiff was pulled over by the Alameda County Sheriff's

6

Department in San Leandro, CA, on January 20, 2023, for a missing rear license plate. The

7

deputy informed plaintiff of a no-bail warrant issued by the Sacramento County Adult Probation

8

Division. Plaintiff was never on probation in Sacramento County and explained he was

9

discharged from supervision in Alameda County two years prior. Plaintiff was arrested on the

10

erroneous warrant and taken to jail. Sacramento County officers took custody on January 23,

11

2023, and transferred him to the Sacramento County Jail. On January 30, 2023 (ten days after

12

arrest), plaintiff met with a public defender who informed him there had been an error and the

13

warrant was dismissed. Plaintiff lost his job and suffered other harm as a result. (Id. at 33-36.)

14

Plaintiff alleges a deprivation of his Fourth Amendment right to be free from unreasonable

15

searches and seizures and references his right to [due] process of law and "right to Post Bail

16

unless denied by Law or Statute where permitted otherwise[.]" (ECF No. 2 at 35.) Plaintiff also

17

asserts a state-law negligence claim. (Id. at 36-37.)

18

Defendant Alameda County Sheriff's Department removed the case to this court on March

19

20, 2025. (ECF No. 1.) On March 27, 2025, defendants County of Sacramento and Alameda

20

County Sheriff's Department separately filed their motions to dismiss. (ECF Nos. 6, 7.) The

21

hearing date for both motions was vacated after plaintiff did not timely file a written opposition or

22

statement of opposition to either motion. (ECF No. 12.) By order filed on April 23, 2025, the

23

court granted plaintiff 21 days to file responses to both motions and cautioned that failure to do so

24

would be construed as non-opposition and consent to granting the motions to dismiss. (Id.)

25

On May 14, 2025, plaintiff filed an opposition to County of Sacramento's motion to

26

dismiss, alternately requesting leave to amend if the court finds the SAC fails to state a claim

27

28

[2] The court takes judicial notice of the pleadings filed in state court. See Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007).

2

1  under 42 U.S.C. § 1983. (ECF No. 13.) County of Sacramento filed a reply (ECF No. 14.) The

2  court finds the motion is suitable for decision without oral argument. See Local Rule 230(g).

3  Plaintiff has not opposed the motion by Alameda County Sheriff's Department.

4  **II.  Legal Standard for Dismissal Under Rule 12(b)(6)**

5  Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be warranted

6  for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

7  cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In

8  evaluating whether a complaint states a claim on which relief may be granted, the court accepts as

9  true the allegations in the complaint and construes the allegations in the light most favorable to

10  the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d

11  1242, 1245 (9th Cir. 1989). Particularly because plaintiff proceeds pro se, the court liberally

12  construes the pleadings and affords plaintiff the benefit of any doubt. Bretz v. Kelman, 773 F.2d

13  1026, 1027 (9th Cir. 1985). Nevertheless, courts are not required to accept as true allegations that

14  are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v.

15  Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

16  **III.  County of Sacramento's Motion (ECF No. 6)**

17  County of Sacramento asserts the following arguments: (1) plaintiff's claims asserting

18  violation of his Fourth Amendment rights fail as a matter of law; (2) the court should decline to

19  exercise supplemental jurisdiction; (3) the County is immune from liability for negligence under

20  Section 815 of the Government Code; and (4) any County employee would be immune for the

21  procurement of an arrest warrant pursuant to Section 821.6 of the California Government Code.

22  (ECF No. 6-1 at 3-8.)

23  **A.  Monell Claim against County of Sacramento**

24  Section 1983, 42 U.S.C., imposes liability on any "person" who violates an individual's

25  federal rights while acting under color of state law, which includes municipalities and other local

26  government units. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. at 689-90 (1978). To

27  establish liability for governmental entities under Monell, a plaintiff must prove (1) deprivation of

28  a constitutional right; (2) the municipality had a policy; (3) this policy amounts to deliberate

1    indifference to the plaintiff's constitutional right; and (4) the policy is the moving force behind

2    the constitutional violation. Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011); see

3    also Gant v. Cnty. of Los Angeles, 772 F.3d 608, 617 (9th Cir. 2014).

4         County of Sacramento argues, first, plaintiff fails to state an underlying constitutional

5    violation because he couches his claim as respondent superior liability and states the relevant

6    conduct was negligence. (ECF No. 6-1 at 4.) While plaintiff claims negligence on the part of

7    County of Sacramento or its employees, plaintiff also alleges the "outdated customary policies,

8    procedures and/or practices… allowed their agents, their employees, their representatives and/or

9    their co-defendant(s)" to violate his civil rights, including his rights under the Fourth Amendment

10   pertaining to unreasonable seizures. (ECF No. 2 at 34-35, ¶ 10.)

11        County of Sacramento argues, second, the allegations about the county's policies and/or

12   practices do not suffice to allege a specific policy that amounts to deliberate indifference and was

13   the moving force behind any violation. (ECF No. 6-1 at 5.) In this circuit, a claim of municipal

14   liability under section 1983 is sufficient to withstand a motion to dismiss even when based on a

15   bare allegation that the individual officers' conduct conformed to official policy, custom, or

16   practice. Lee v. City of Los Angeles, 250 F.3d 668, 682-83 (9th Cir. 2001) (quoting Karim–

17   Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988)). Plaintiff alleges his name

18   appeared in an antiquated database as formerly having participated in the Post Release

19   Community Supervision Program, that County of Sacramento lacked jurisdiction to issue an

20   arrest warrant, and that County of Sacramento's outdated policies or practices caused the

21   resulting alleged Fourth Amendment violation. (ECF No. 2 at 34-36, ¶¶ 9, 10, 13.)

22        County of Sacramento does not cite any authorities requiring plaintiff to more specifically

23   plead his claim. Plaintiff meets the pleading standard with respect to the alleged policy, custom,

24   or practice because the allegations give defendant fair notice to defend itself effectively, and,

25   taken as true, plausibly suggest an entitlement to relief. See AE ex rel. Hernandez v. Cnty. of

26   Tulare, 666 F.3d 631, 637 (9th Cir. 2012).

27        The remaining question is whether plaintiff sufficiently alleges a specific deprivation of

28   his constitutional rights. To any extent he claims a violation of his Fourteenth Amendment due

process rights based on the arrest or the conduct that resulted in the arrest, plaintiff does not adequately allege an underlying constitutional violation. No substantive due process claim lies under the Fourteenth Amendment for the arrest itself because the Fourth Amendment applies. See Albright v. Oliver, 510 U.S. 266, 273 (1994) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection" …, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'") (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)).

The loss of liberty caused by an individual's mistaken incarceration after the lapse of a certain amount of time can give rise to a due process claim where it was or should have been known that the individual was entitled to release. See Lee, 250 F.3d at 683; Baker v. McCollan, 443 U.S. 137, 144 (1979) (detention in the face of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of liberty without due process of law). However, the SAC does not plead a due process claim under the Fourteenth Amendment relating to his continued detention. The alleged policy failure resulting in the erroneous warrant is not sufficient to plead an underlying Fourteenth Amendment violation. See Gant, 772 F.3d at 622.

Turning to the Fourth Amendment, County of Sacramento argues (1) "warrants are presumed valid"; (2) plaintiff fails to allege if anyone from County of Sacramento actually obtained the warrant; and (3) if the warrant were for a violation of probation or merely being executed, then "perhaps these are state actions for which Eleventh Amendment immunity may apply." (ECF No. 6-1 at 4.)

Reviewing the arguments in reverse order, defendant's Eleventh Amendment immunity argument is expressed as a conditional possibility. Such an argument fails to meet defendant's burden to demonstrate the claim should be dismissed based on Eleventh Amendment immunity.

In addition, liberally construing the pro se pleading as the court must, plaintiff alleges County of Sacramento and its purported divisions, departments, or officials were responsible for issuing an invalid arrest warrant which caused a Fourth Amendment violation upon arrest. To the extent County of Sacramento argues the claim should be dismissed because plaintiff fails to allege a County employee actually obtained the warrant, the court rejects the argument.

Finally, in support of the assertion that plaintiff does not state an alleged Fourth Amendment violation because warrants are presumed valid, County of Sacramento cites <u>Franks v. Delaware</u>, 438 U.S. 154, 171 (1978) ("There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant."). <u>Franks</u> does not itself support a conclusion that plaintiff fails to allege a Fourth Amendment violation in this case and defendants provide no further elaboration on this argument.

For all these reasons, County of Sacramento fails to meet its burden to show plaintiff's <u>Monell</u> claim asserting a violation of his Fourth Amendment rights fails as a matter of law. The motion to dismiss should be denied on this point.

## B.  State Law Immunities

County of Sacramento argues it is immune from liability on plaintiff's negligence claim pursuant to Government Code § 815, which abolished common law or judicially declared forms of liability and established that all public entity tort liability is statutory. (ECF No. 6-1 at 6.) Liberally construing the complaint, the SAC's caption makes clear that plaintiff brings his claim under Government Code § 815.2. (ECF No. 2 at 30.) That section provides as follows:

> (a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

> (b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

Cal. Gov't Code § 815.2. Given the SAC's explicit reliance on Government Code § 815.2, County of Sacramento fails to show it is entitled to immunity under Government Code § 815.

County of Sacramento also argues any of its employee would be immune based on Government Code § 821.6. (ECF No. 6-1 at 6-8.) That section provides as follows:

> A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause.

Cal. Gov't Code § 821.6.

Section 821.6 protects public employees from liability only for malicious prosecution and not for false imprisonment. <u>Sullivan v. Cnty. of Los Angeles</u>, 12 Cal. 3d 710, 719 (1974). "Malicious prosecution 'consists of initiating or procuring the arrest and prosecution of another under *lawful process*, but *from malicious motives* and *without probable cause*[.] The test is whether the defendant was actively instrumental in causing the prosecution." <u>Id.</u> at 720 (emphasis in original) (cleaned up). "Although it is sometimes difficult to distinguish between the torts of false arrest and malicious prosecution, the critical difference is whether there is valid legal authority for the arrest." <u>Martinez v. City of Los Angeles</u>, 141 F.3d 1373, 1380 (9th Cir. 1998); <u>see also</u> <u>Asgari v. City of Los Angeles</u>, 15 Cal. 4th 744, 757 (1997), as modified on denial of reh'g (Mar. 17, 1997) ("False arrest or imprisonment and malicious prosecution are mutually inconsistent concepts, the former relating to conduct that is without valid legal authority and the latter to conduct where there is valid process or due authority.").

County of Sacramento argues the alleged invalid obtaining of an arrest warrant and subsequent detention is considered malicious prosecution. (ECF No. 6-1 at 7.) However, the case cited as support is distinguishable. In <u>Scannell v. Cnty. of Riverside</u>, 152 Cal. App. 3d 596, 608 (Ct. App. 1984), the plaintiff alleged "criminal proceedings against him were instituted with the full knowledge of all defendants that he had previously been granted immunity from prosecution for the charged offenses." <u>Id.</u> at 607. The state court of appeal found the plaintiff had alleged malicious prosecution, not false imprisonment, because he alleged that only the arrest warrant was invalid and did not allege the arrest itself or subsequent detention was invalid. <u>Id.</u> at 608. In this case, in contrast, plaintiff alleges the warrant, his arrest, and subsequent detention were legally unauthorized.

County of Sacramento also notes courts have found a claim based on "negligent investigation which leads to an arrest" to sound in malicious prosecution. (ECF No. 6-1 at 7.) Such a situation also involves valid legal authority for the arrest, which is not the case here. Under the allegations in the SAC, the arrest was not procured under lawful process, and there was no legal authority to arrest or detain plaintiff. County of Sacramento does not meet the burden to show plaintiff's negligence claim should be dismissed based on the state law immunities asserted.

1      **IV.    ACSD's Unopposed Motion (ECF No. 7)**

2          Alameda County Sheriff's Department ("ACSD") asserts the following arguments: (1)

3  ACSD was not properly substituted in as a Doe defendant; (2) plaintiff's claims are time-barred

4  due to lack of relation back; (3) there is no vicarious liability under Section 1983; (4) any and all

5  state-law claims are barred by non-compliance with the California Government Claims Act; (5)

6  any and all state-law claims against ACSD are barred by Cal. Gov't Code § 815, and (6) the

7  complaint fails to state a claim for Unlawful/False Arrest under the Fourth Amendment, Due

8  Process under the Fourth Amendment [sic], and punitive damages. (ECF No. 7 at 2.) Plaintiff has

9  not opposed the motion by ACSD.

10         As set forth above, by order filed on April 23, 2025, the court informed plaintiff his failure

11 to timely file an opposition or statement of non-opposition to the two pending motions to dismiss

12 violated Local Rule 230(c) and granted plaintiff 21 days to file written oppositions. (ECF No. 12

13 at 2.) The court specifically warned plaintiff "Failure to do so will be deemed a statement of non-

14 opposition and consent to the granting of the motions…." (Id.) Plaintiff opposed County of

15 Sacramento's motion to dismiss but did not oppose ACSD's motion to dismiss.

16         "District courts have inherent power to control their dockets" and, in exercising that

17 power, may impose sanctions, including dismissal of a claim or action. Thompson v. Housing

18 Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). In determining whether to dismiss

19 an action, the court considers several factors: (1) the public's interest in expeditious resolution of

20 litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

21 the public policy favoring disposition of cases on their merits; and (5) the availability of less

22 drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

23         The court has considered the factors set forth above and finds they favor dismissal of

24 plaintiff's claims against ACSD under Rule 41(b) of the Federal Rules of Civil Procedure at this

25 time. Following the court's specific warning, plaintiff's failure to oppose the motion to dismiss

26 constitutes plaintiff's consent to dismissal of his claims against ACSD. Moreover, his failure to

27 comply with the court's order and applicable rules as to the motion by ACSD indicates he has

28 abandoned his claims against ACSD.

## IV.    Recommendation

For the reasons set forth above, IT IS RECOMMENDED as follows:

1.  The motion to dismiss by County of Sacramento (ECF No. 6) be denied.

2.  Plaintiff's alternate request for leave to amend the claim under 42 U.S.C. § 1983 against County of Sacramento (ECF No. 13) be denied as unnecessary.

3.  Plaintiff's claims against Alameda County Sheriff's Department be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for plaintiff's failure to prosecute and failure to comply with applicable rules and a court order.

4.  The motion to dismiss by Alameda County Sheriff's Department (ECF No. 7) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  November 5, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, dunc25cv0908.mtd

9