UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VALENTA DUNCAN,

Plaintiff,

v.

COUNTY OF SACRAMENTO, et al.,

Defendants.

2:25-cv-0908-TLN-CKD (PS)

ORDER

Defendant County of Sacramento's[1] motion to compel and plaintiff Valenta Duncan's unopposed motion to modify the scheduling order are before the court. (ECF Nos. 22, 25.) These matters are appropriate for decision without oral argument pursuant to Local Rule 230(g). Accordingly, the hearing date of October 28, 2026, is vacated. The court grants both motions as set forth below.

**I. Background**

Proceeding without counsel, plaintiff filed this action in the Sacramento County Superior Court on September 5, 2023, naming County of Sacramento and Doe defendants. (ECF No. 2 at 4-7.) Plaintiff filed the operative SAC on February 11, 2025. (Id. at 30-44). Under the SAC's

[1] County of Sacramento is also sued as Post Release Community Supervision Department, Adult Community Corrections (ACC) Division, Adult Day Reporting Center (ADRC), Sacramento Adult Probation Division, and Probation Department Adult Day Reporting Center.

allegations, plaintiff was pulled over by the Alameda County Sheriff's Department in San Leandro, CA, on January 20, 2023, for a missing rear license plate. The deputy informed plaintiff of a no-bail warrant issued by the Sacramento County Adult Probation Division. Plaintiff was never on probation in Sacramento County and explained he was discharged from supervision in Alameda County two years prior. Plaintiff was arrested on the erroneous warrant and taken to jail. Sacramento County officers took custody of him on January 23, 2023, and transferred him to the Sacramento County Jail. Ten days after arrest, on January 30, 2023, plaintiff met with a public defender who informed him there had been an error and the warrant was dismissed. Plaintiff lost his job and suffered other harm as a result. (Id. at 33-36.)

Plaintiff alleges a deprivation of his Fourth Amendment right to be free from unreasonable searches and seizures and references his right to [due] process of law and "right to Post Bail unless denied by Law or Statute where permitted otherwise[.]" (ECF No. 2 at 35.) Plaintiff also asserts a state-law negligence claim. (Id. at 36-37.)

Defendant Alameda County Sheriff's Department removed the case to this court on March 20, 2025. (ECF No. 1.) On January 26, 2026, plaintiff's claims against the Alameda County Sheriff's Department were dismissed. (ECF No. 16.)

On March 31, 2026, the court issued a pretrial scheduling order pursuant to which all fact discovery was to be completed by October 16, 2026. (ECF No. 21 at 2.) Defendant County of Sacramento filed the motion to compel presently before the court on September 21, 2026. (ECF No. 22.) Under the court's order imposing a special briefing schedule in lieu of the joint statement ordinarily required by Local Rule 251, plaintiff filed a response to the motion to compel and defendant filed a reply. (ECF Nos. 24, 26.)

On October 6, 2026, plaintiff filed a motion for extension of time to complete discovery. (ECF No. 25.) Defendant filed a statement of non-opposition. (ECF No. 27.) Defendant asserts good cause exists to extend the discovery deadline for defendant to subpoena information regarding plaintiff's employment history based on information first disclosed during plaintiff's deposition on October 9, 2026. (ECF No. 27.)

On or about April 17, 2026, defendant served plaintiff with written discovery that

included Special Interrogatories, Set One, and Request for Production of Documents, Set One. (ECF No. 22-2.) According to defendant, the deadline to respond expired without plaintiff providing complete responses. The parties engaged in meet-and-confer, after which plaintiff served first amended responses on or about September 18, 2026. After defendant filed the instant motion to compel on or about October 6, 2026, plaintiff provided second amended responses. (See ECF No. 26 at 2.) The two remaining disputed issues are the adequacy of plaintiff's responses to Special Interrogatory No. 1 and Special Interrogatory No. 4. (Id. at 2-4.)

## II. Legal Standards

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. …

Fed. Rule Civ. P. 26(b)(1).

In a motion to compel discovery under Federal Rule of Civil Procedure 37(a), "[t]he party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (citing Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995). The party opposing the discovery "has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." Id. (citing DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

## III. Discussion

### A. Special Interrogatory No. 1

Defendant's Special Interrogatory 1 concerns plaintiff's allegations that the County of Sacramento had outdated policies, procedures and/or practices which allowed their agents, employees, representatives and/or co-defendants to violate his rights. (ECF No. 26 at 2-3.) Plaintiff was to identify each such policy, procedure or practice, state how each caused a violation of his rights, and identify any witness with knowledge of the above. (Id. at 2.)

In his second amended response, plaintiff explains he is alleging the County failed to follow required procedures and protocols, including the PRCS procedure under AB 109 and the California Penal Code. (See ECF No. 26 at 3.) The court agrees with defendant that plaintiff's second amended response does not identify a specific policy, procedure, or practice *by the County* that *itself* violated plaintiff's rights. Instead, the court understands plaintiff's response to allege the County negligently violated state law and negligently failed to follow policies and procedures in the specific instance described in the operative complaint.

To establish liability for his claim against the County under Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. at 689-90 (1978), plaintiff must prove (1) deprivation of a constitutional right; (2) the municipality had a policy; (3) this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011); see also Gant v. Cnty. of Los Angeles, 772 F.3d 608, 617 (9th Cir. 2014). The information defendant seeks is relevant. While plaintiff's mere allegation that the County had such a policy was sufficient to state a claim, plaintiff must identify the policy, procedure, or practice that caused the violation in order to succeed on a Monell claim. Defendant is entitled to have this information provided in discovery. Accordingly, plaintiff shall provide a further amended response that either identifies a specific County policy that caused the violation of his rights, or which states plaintiff is unaware of any such policy other than that which he already attempted to describe in his second amended response.

**B. Special Interrogatory No. 4**

Special Interrogatory No. 4 requested information regarding any medications plaintiff has taken as a result of the injuries he attributes to the incident described in the complaint. (ECF No. 26 at 3-4.) Plaintiff's second amended response states, in relevant part, he "has taken some prescribed medications as a result of the incident" and refers defendant to "[a]ll relevant medical records" including those disclosed. (Id. at 4.)

The information sought is relevant. Plaintiff's response does not suffice because Federal Rule of Civil Procedure 33(b) requires plaintiff to answer each interrogatory "separately and fully

in writing under oath." Fed. R. Civ. P. 33. The rule does not permit a party to merely reference relevant medical records in lieu of responding fully in writing. See, e.g., Hicks v. Pleshchuk, No. 2:22-CV-0903 TLN CSK P, 2025 WL 1663487, at *3 (E.D. Cal. June 12, 2025) ("[d]efendant is not required to rummage through ... plaintiff's medical records…" and instead, "plaintiff is required to respond to each interrogatory fully, without referring to other documents"). Accordingly, plaintiff shall provide a third amended response to defendant's Special Interrogatory No. 4.

**C. Modification of the Scheduling Order**

Under Rule 16 of the Federal Rules of Civil Procedure, the court may modify the scheduling order for "good cause." Fed. R. Civ. P. 16 (b)(4). Ordinarily, the "good cause" standard "primarily considers the diligence of the party seeking the amendment." See Johnson v. Mammoth Re-creations, 975 F.2d 604, 608 (9th Cir. 1992); see also Zivkovich v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Here, in light of defendant's statement of non-opposition to plaintiff's request for more time to complete discovery, the court finds good cause to modify the scheduling order to extend the time for fact discovery.

**IV. Order**

For the reasons set forth above, IT IS ORDERED as follows:

1. The hearing on the motion to compel re-set for October 28, 2026, is VACATED.
2. Defendant's motion to compel (ECF No. 22) is GRANTED.
3. Within fourteen (14) days, plaintiff shall provide further amended responses to Special Interrogatory No. 1 and Special Interrogatory No. 4.
4. Plaintiff's unopposed motion for an extension of time to complete discovery (ECF No. 25) is GRANTED and the time for the parties to complete all non-expert, fact discovery is extended to December 15, 2026.

/////

/////

/////

/////

5. In all other respects, the terms of the pretrial scheduling order filed on March 31, 2026, remain in effect.

Dated: October 20, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 dunc25cv0908.mtc